UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE # 18-cv-23954-Civ-FAM

MARIAN CALVO
    Plaintiff

Vs

FIRST FEDERAL CREDIT CONTROL, INC

    Defendants

FILED by _____ D.C.

NOV 28 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. of FLA. - MIAMI

## PLAINTIFF'S UNOPPOSED MOTION
## FOR ENTRY OF STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

    Pursuant to Rules 7(b) and 26(c) of Federal Rules of Civil Procedure and Local Rule 7.2, Plaintiff respectfully moves for entry of a stipulated Confidentiality Protective Order, attached hereto as Exhibit 1, in order to facilitate discovery and to protect sensitive business information, proprietary information, trade secrets and other confidential information. In support of this motion Plaintiff states

    1. Plaintiff seeks production of documents and records from Defendant in the above styled action ("the Lawsuit") which contain sensitive, propriety, confidential business information ("Confidential Documents"), the disclosure of which Defendant believes may be harmful to its business interests and should be protected from disclosure to third parties
    2. Defendant has therefore requested that production of its Confidential Documents be conditioned upon their protection from disclosure of its Confidential Documents be conditioned upon their protection from disclosure to third parties as provided under this Stipulated Confidentiality Protective Order; and
    3. Plaintiff has conferred with Defendant's counsel and he has advised that he does not oppose entry of the Stipulated Confidentiality Protective Order attached hereto as Exhibit "1".

### Certification under Local Rule 7.1

Plaintiff, Marian Calvo certifies that they have conferred with Defendant's counsel, by email, and he had advised he does not oppose entry of the attached order.
WHEREFORE, for the reasons set forth above, good cause exists for entry of the requested stipulated Confidentiality Protective Order in this action, and this Court should grant this motion and enter the attached proposed Protective Order.

Respectfully submitted,

/s/ Marian Calvo
Marian Calvo
Plaintiff Pro Se
9701 SW 189 ST
Cutler Bay FL 33157

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be filed with the Clerk of Court and served properly this 23rd day of November 2018 to Defendant's counsel of record.

Dale T Golden

GOLDEN SCAZ GAGAIN

201 North Armenia Ave.

Tampa, FL 33609

Tel: 813-251-3632

Fax: 813-251-3675

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE # 18-cv-23954-Civ-FAM

MARIAN CALVO
    Plaintiff

Vs

FIRST FEDERAL CREDIT CONTROL, INC

    Defendants

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

Plaintiff, Marian Calvo ("Calvo" or "Plaintiff"), Defendant, FIRST FEDERAL CREDIT CONTROL, INC ("Defendant") and together, ("the Parties"), stipulate and agree to entry of this Confidentiality Protective Order.

WHEREAS, Plaintiff seeks production of documents and records from Defendant in the above styled action ("the Lawsuit") which contain sensitive, proprietary, confidential business information, ("Confidential Documents"), the disclosure of which Defendant believes may be harmful to its business interests and should be protected from disclosure to third parties; and

WHEREAS, Defendant has therefore requested that production of its Confidential Documents be conditioned upon their protection from disclosure to third parties as provided under this Stipulated Confidentiality Protection Order; and

It is thereupon ordered that Confidential Documents shall be produced subject to the following conditions:

    (1) The Confidential Documents shall be designated "CONFIDENTIAL," and any copies of the Confidential Documents shall be stamped and designated "CONFIDENTIAL" and are subject to the terms of this Order.

    (2) The Confidential Documents shall not be used or disclosed by The parties, or any person identified in paragraph (3) below for any purposes whatsoever other

1

than preparing for and conducting the Lawsuit, including trial and any appellate proceedings, unless otherwise ordered by this Court.

(3) No disclosure of the Confidential Documents shall be made except under the following circumstances:

> (i) Disclosure may be to employees of counsel for the Parties who have direct functional responsibility for the Lawsuit or who are reasonably required to provide assistance in this Lawsuit. Any such employee to whom counsel for the Parties makes a disclosure shall be advised of, and become subject to, the provisions of this Order requiring that the Confidential Documents and their contents be held in confidence.
>
> (ii) Disclosure may be made to those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such person engaged in making photocopies of documents, such person shall be advised of, and become subject to, the provisions of this Order requiring that the Confidential Documents and their contents be held in confidence.
>
> (iii) Disclosure may be made to witnesses during depositions or at trial (hereinafter referred to collectively as "witnesses") in the Lawsuit. Prior to disclosure to any witness, the witness must be informed of and agree to be subject to the provisions of this Order requiring that the Confidential Documents and their contents be held in confidence.
>
> (iv) Disclosure may be made to consultants or experts (hereinafter referred to collectively as "experts") employed by any of the Parties or counsel to assist in the Lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the Confidential Documents and their contents be held in confidence.

(4) Except as provided in paragraph 3, counsel for any of the Parties shall keep the Confidential Documents secure within his exclusive possession and prohibit their disclosure.

(5) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of the Confidential Documents, or any portions hereof, shall be immediately affixed with the words "CONFIDENTIAL" if that word does not already appear.

(6) At the conclusion of the Lawsuit, including any appeals, the Confidential Documents and any and all copies thereof shall be returned to the party providing the documents.

(7) The Court shall retain authority to consider objections by either party to the other party's designation of specific document(s) as CONFIDENTIAL under this order, and to grant relief in whole or in part from this order as to such designations for good cause shown and to promote the interests of justice.

/s/ [signature]
Marían Calvo,
Plaintifff, *pro se*
9701 SW 189 ST
Miami, FL 33157

/s/ [signature]
Dale T. Golden, Esq.
Attorney for Defendant
GOLDEN SCAZ GAGAIN PLLC
201 Armenia Avenue
Tampa Fl. 33609
Telephone: 813-251-5500
Facsimile: 813-251-3675

**SO ORDERED this** _____ **day of** _____, **2018**

_____
**FEDERICO A. MORENO**
**U.S. District Court Judge**

3